JOURNAL ENTRY AND OPINION
Defendant-appellant Paul Montgomery (appellant) appeals from his conviction for two counts of murder, both with gun specifications.
Appellant assigns the following errors for review:
 I. THE TRIAL COURT PREJUDICED THE APPELLANT'S SELF-DEFENSE CLAIM BY ERRONEOUSLY EXCLUDING OPINION AND REPUTATION EVIDENCE REGARDING THE VICTIMS' VIOLENT CHARACTER TRAITS SINCE SUCH EVIDENCE IS ADMISSIBLE IN ORDER TO SHOW THAT THE VICTIMS WERE THE AGGRESSORS. MOREOVER, SINCE THE APPELLANT BORE THE BURDEN OF PROVING THAT HE WAS NOT THE AGGRESSOR, THE TRIAL COURT'S RULING DENIED HIM HIS RIGHT TO DUE PROCESS OF LAW AS PROVIDED BY THE STATE AND FEDERAL CONSTITUTIONS.
 II. THE TRIAL COURT ERRED IN VIOLATION OF R.C. 2945.10(G) AND THEREBY DENIED THE APPELLANT HIS RIGHTS TO DUE PROCESS OF LAW AND TO A JURY TRIAL BY SUBMITTING A WRITTEN CHARGE TO THE JURY WHICH WHOLLY OMITTED THE PORTIONS OF ITS ORAL INSTRUCTIONS REGARDING SELF-DEFENSE AND ACCIDENT.
 III. THE APPELLANT'S TRIAL COUNSEL RENDERED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO ENSURE THAT THE COURT'S VERBAL INSTRUCTIONS REGARDING SELF-DEFENSE AND ACCIDENT WERE INCORPORATED INTO THE COURT'S WRITTEN INSTRUCTIONS.
 IV. THE TRIAL COURT ERRED BY SENTENCING THE APPELLANT TO SERVE CONSECUTIVE PRISON TERMS FOR HIS MURDER CONVICTIONS BECAUSE THE RECORD DOES NOT SUPPORT THE COURT'S FINDING THAT THE SENTENCE WAS STATUTORILY WARRANTED.
Finding the appeal to lack merit, the judgment of the trial court is affirmed.
 I.
On October 3, 1998, appellant and his nephew, Tyrone Bell, decided to drive to the apartment of appellant's brother, Kenneth Montgomery, at approximately 8:30 in the evening. Bell parked his automobile near Kenneth Montgomery's apartment located at 3001 East 78th Street in Cleveland. They began walking toward the building. Delance Williams and James Yarbrough approached the two men as appellant rang the apartment buzzer. Williams asked appellant if he wanted to buy some narcotics. Upon appellant's refusal, Williams became irate, tapping appellant's chest while asking What's your problem? Appellant poked Williams back as the two began to argue.
Kenneth Montgomery heard the angry voices, saw appellant from his window, and came outside to investigate. Kenneth Montgomery asked Williams what the problem was, only to have Williams begin to poke at him. The argument, accompanied by pushing and shoving, continued but between Kenneth Montgomery and Williams. Williams asked Yarbrough if he had his piece. Williams told Yarbrough to pop all three of the men. Kenneth Montgomery understood Williams to be asking Yarbrough if he had a gun and to shoot them. Yarbrough stood with his hands in his pockets and then stepped toward Kenneth Montgomery. Kenneth Montgomery told Bell to get ready to help him. Bell and Kenneth Montgomery heard a gunshot. The shot came from the direction from which appellant was standing. Yarbrough fell to the ground, shot through the posterior left shoulder. Williams ducked when appellant fired a second shot. Williams began running but appellant fired the gun again. Williams fell to the ground. Williams was shot in the chest. Both men were pronounced dead at the scene.
Kenneth Montgomery and Bell saw appellant holding a gun after the shots were fired. Neither observed Williams or Yarbrough with a weapon that night. Kenneth Montgomery was standing in front of Williams at the time the gun was fired and stated he would have seen if Williams pulled out a weapon. Kenneth Montgomery and Bell did not see appellant struggle with Williams prior to the shooting.
Appellant, Kenneth Montgomery, and Bell fled in Bell's car. The police discovered the vehicle later that night and began preparing to tow the automobile. Appellant approached the police officers and questioned them about what they were doing with the car. Appellant agreed to accompany the officers to the police station for questioning. A box of bullets of the same type as used in the shooting were found on the back seat of the car. Appellant's fingerprint was on the box.
Appellant admitted shooting the two victims. Appellant claimed Williams pulled the gun out from his waistband. Appellant grabbed for the gun which went off, striking Yarbrough in the back. Appellant ended up with the gun, which fired again when appellant tripped on a brick slab. Appellant stated he fired the gun a third time in order to scare Williams away but did not intend to kill anyone. Appellant denied having a gun in his possession that night.
A jury convicted appellant of two counts of murder in violation of R.C. 2903.02 with gun specifications. The trial court sentenced appellant to two consecutive terms of fifteen (15) years to life plus an additional three years for the gun specification.
 II.
Appellant's first assignment of error challenges the trial court's ruling granting the prosecution's motion in limine. In the motion, the state asked that appellant be excluded from presenting the testimony of a Cuyahoga Metropolitan Housing Authority patrolman concerning the character of the victims. Appellant presented his argument to the trial court prior to the commencement of trial and his counsel briefly apprised the trial court about the substance of the planned testimony. Appellant did not then renew his objection at trial, attempt to present the witness's testimony, or proffer the evidence.
In State v. Grubb (1986), 28 Ohio St.3d 199, the court stated that the granting of a motion in limine cannot be error because the motion is not a ruling on the evidence but is a preliminary, interlocutory, precautionary ruling which can be changed at trial. The court held at paragraph two of the syllabus:
 At trial it is incumbent upon a defendant, who has been temporarily restricted from introducing evidence by virtue of a motion in limine, to seek the introduction of the evidence by proffer or otherwise in order to enable the court to make a final determination as to its admissibility and to preserve any objection on the record for purposes of appeal.
The claimed error must be preserved by an objection, proffer, or ruling on the record when the issue is actually reached during trial or the matter will be deemed waived by a reviewing court. Id. Appellant did not seek to interject the issue of the testimony of the witness during trial and has waived any assertion of error regarding the ruling on the motion in limine on appeal.
Appellant's first assignment of error is overruled.
 III.
In his second assignment of error, appellant argues that the trial court committed reversible error by submitting written instructions to the jury which omitted portions of the oral instructions given to the jury. Appellant contends that the trial court had a mandatory duty under R.C. 2945.10(G) to ensure that the written jury instructions did not differ from the oral charge given to the jury. Appellant states that the written instructions found within the court file do not include instructions on self-defense or accident. The trial court did orally charge the jury on these defenses.
Appellant relies on R.C. 2945.10(G) which provides:
 The court, after the argument is concluded and before proceeding with other business, shall forthwith charge the jury. Such charge shall be reduced to writing by the court if either party requests it before the argument to the jury is commenced. Such charge, or other charge or instruction provided for in this section, when so written and given, shall not be orally qualified, modified, or explained to the jury by the court. Written charges and instructions shall be taken by the jury in their retirement and returned with their verdict into court and remain on file with the papers of the case.
The trial court supplemented the record before this court pursuant to App.R. 9(E) to include a true and accurate copy of the written instructions provided to the jury. This copy differs from the written jury instructions found within the file. The written instructions provided by the trial court contain the affirmative defenses of self-defense and accident. The trial court properly utilized App.R. 9(E) to make the record before this court conform to the truth of what occurred below. See State v. Cruz (Jan. 27, 2000), Cuyahoga App. No. 75723, unreported; State v. Goodwin (Apr. 17, 1997), Cuyahoga App. No. 68531, unreported. The record now reflects that the jury did indeed receive written instructions which were the same as the oral charge.
Even if the trial court had failed to comply with R.C.2945.10(G) by not preserving the written jury instructions in the record, an appellant still must demonstrate he was prejudiced by the omission. State v. Hardy (Feb. 17, 2000), Cuyahoga App. No. 75778, unreported; State v. Mills (Dec. 9, 1999), Cuyahoga App. No. 74700, unreported. Appellant did not demonstrate prejudicial error on the part of the trial court. The written and oral instructions did not differ.
Appellant's second assignment of error is not well-taken.
 IV.
In his third assignment of error, appellant contends his attorney was ineffective for not ensuring that the jury received correct and complete written instructions. In the second assignment of error, it was determined that the jury did receive written instructions which included a charge on self-defense and accident. A claim of ineffective assistance of counsel cannot be predicated upon a matter which did not constitute error. State v. Getsy (1998), 84 Ohio St.3d 180; State v. Biros (1997), 78 Ohio St.3d 426.
Appellant's third assignment of error lacks merit.
 V.
In his fourth assignment of error, appellant contends the trial court erred by imposing consecutive sentences for the two counts of murder. Appellant argues that the trial court did not state its reasons for making its findings when imposing the sentence in its journal entry but only referred to the reasons stated on the record. Also, appellant maintains the trial court had no information regarding his history of criminal conduct. Appellant submits that the mere fact that there were two victims does not by itself support consecutive sentences.
A reviewing court will not reverse a trial court on issues involving sentencing under Senate Bill 2 unless the appellant shows by clear and convincing evidence that the trial court erred when imposing sentence. State v. Berry (Mar. 9, 2000), Cuyahoga App. No. 75471, unreported. Clear and convincing evidence is that evidence which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. State v. Garcia (1998), 126 Ohio App.3d 485, 487.
R.C. 2929.14(E)(4) provides in pertinent part:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 * * * (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
Under this provision, the trial court is required to make a finding (1) that the consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) that the consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger posed to the public; and (3) that the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses adequately reflects the seriousness of the conduct. State v. Albert(1997), 124 Ohio App.3d 225, 230. Then the trial court must find that at least one of the additional factors listed in R.C.2929.14(E)(4)(a) through (c) is present. State v. Maynard (Mar. 16, 2000), Cuyahoga App. No. 75772, unreported. Pursuant to R.C.2929.19(B)(2)(c), the trial court is required to state its reasons for imposing consecutive sentences. The trial court is to make a record at the sentencing hearing that confirms its decision-making process included all the statutorily required sentencing considerations. State v. Cardona (Dec. 16, 1999), Cuyahoga App. No. 75556, unreported. See also State v. Edmonson (1999), 86 Ohio St.3d 324.
Appellant disputes that the trial court stated its reasons for imposing consecutive sentences. Findings are the various findings outlined in R.C. 2929.14. Reasons mean the trial court's stated basis for its findings. Berry, supra. A review of the record shows the trial court complied with the requirements set forth in R.C. 2929.14(B)(4) for imposing consecutive sentences. At the sentencing hearing, the trial court stated:
 The court does agree with the State of Ohio that two people were killed that day, two people lost their lives. Every citizen of the United States, every person in the world, no matter what their life consists of or how they choose to live it, have life, and nobody, under the laws of the State of Ohio, is permitted to take that life away. There were two lives lost that night.
(Tr. 842-843). The trial court only is required to state its reasons at the sentencing hearing confirming its reasoning for imposing consecutive sentences. Here, the trial court stated its belief that the two murders required separate sentences. Because the trial court did state its basis for sentencing appellant to consecutive terms, the statutory requirements for consecutive sentences were met in the instant case.
Appellant argues the trial court did not have any information regarding appellant's two prior convictions beyond their mention at trial because no pre-sentence reported was ordered. However, the trial court only had to find one of the factors stated under R.C.2929.14(E)(4) present in the case to justify a consecutive sentence. The trial court expressed adequate reasons when sentencing appellant to consecutive terms under R.C.2929.14(E)(4)(b) to uphold the sentence. Additional reasons under R.C. 2929.14(E)(4)(c) were unnecessary.
Appellant's fourth assignment of error is overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ______________________ LEO M. SPELLACY, JUDGE
TIMOTHY E. McMONAGLE, P.J. and KENNETH A. ROCCO, J. CONCUR.